IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRODERICK ROBINSON, #1702380 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv395 |
| CAROL E. MONROE, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Broderick Robinson, an inmate confined at the Michael Unit of the Texas prison system, proceeding *pro se* and seeking to proceed *in forma pauperis*, brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #10) concluding that the lawsuit should be dismissed with prejudice for purposes of *in forma pauperis* proceedings pursuant to the "three strikes" provisions of 28 U.S.C. § 1915(g). Mr. Robinson has filed objections (Dkt. #11).

Mr. Robinson complains about a disciplinary case that occurred on June 6, 2017. During the course of the hearing, the disciplinary hearing captain came out from behind her desk, forcibly turned him around, pushed his face against the hearing room door, and placed handcuffs on him. On June 23, 2017, Mr. Robinson filed the present lawsuit in the Southern District of Texas, which transferred the case to this court. The original documents filed in the case reveal that he did not exhaust his administrative remedies before he filed the lawsuit, and Mr. Robinson admits in his objections that he is still in the process of exhausting his administrative remedies.

Mr. Robinson has a long history of filing lawsuits in federal court. PACER lists eleven cases filed by him in federal courts in Texas. The following cases and appeals were dismissed as frivolous or for failure to state a claim upon which relief may be granted before the present lawsuit was filed: *Robinson v. Travis County Sheriff 1st Shift*, Case No. A-08-CA-578-SS (W.D. Tex. Dec. 9, 2008); *Robinson v. Williams*, Civil No. 7:09-CV-132-O (N.D. Tex. July 29, 2010); *Robinson v. Davis*, Civil Action No. H-16-0655 (S.D. Tex. Sept. 26, 2016).

Congress decided to end the practice by inmates of repeatedly filing frivolous lawsuits and appeals when it passed the Prison Litigation Reform Act in 1996. An inmate may not file any lawsuits or appeals *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The statutory provision was designed to stop abusive litigious practices employed by inmates such as Mr. Robinson.

Mr. Robinson has accumulated three strikes. His objections primarily focus on the incident that occurred on June 6, 2017. He briefly addresses the reasons provided by Magistrate Judge Love for dismissing the case. On the last page of his objections, he mentions the exception to § 1915(g). He asserts that his life is in imminent danger because of his long history of having to file complaints about administrative actions. His vague and conclusory allegations, however, do not give rise to an inference that he was under imminent danger of serious physical injury at the time he filed the lawsuit. The present civil rights lawsuit should be dismissed pursuant to § 1915(g).

Magistrate Judge Love also appropriately observed that the lawsuit is frivolous to the extent that Mr. Robinson failed to exhaust his administrative remedies before he filed the lawsuit. It is again noted that Mr. Robinson admits in his objections that he is still in the process of exhausting his administrative remedies. The dismissal of a lawsuit for failure to exhaust may count as a strike for purposes of § 1915(g). *Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 460 (5th Cir. 1998). Mr. Robinson's act of filing the present lawsuit before he exhausted his administrative remedies is yet another example of how he engages in abuse of the court system.

The court finally notes that Mr. Robinson states that he wants to file a petition for a writ of habeas corpus about the disciplinary case. The dismissal of this civil rights lawsuit will not prevent him from filing a petition for a writ of habeas corpus regarding the disciplinary case.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Robinson to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Robinson's objections are without merit. Therefore, the court adopts the findings and conclusions on the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g). Mr. Robinsons's claims that are habeas in nature are **DISMISSED** without prejudice to being reasserted in a habeas action. It is further

**ORDERED** that Mr. Robinson's motion to proceed *in forma pauperis* (Dkt. #3) is **DENIED**. Mr. Robinson may resume the lawsuit if he pays the entire filing fee of $400 within thirty days from the entry of the Final Judgment. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **28** day of **July, 2017.**

_____
Ron Clark, United States District Judge